UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Arie Robert Redeker, | ) | |
|     Petitioner, | ) | 2:12-cv-00397-KJD-GWF |
| vs. | ) | **ORDER** |
| D.W. Neven, *et al.*, | ) | |
|     Respondents. | ) | |

      Arie Robert Redeker, a prisoner at High Desert State Prison, moves the Court to reconsider its decision denying appointment of counsel (ECF No. 9) and incorporates into that motion other requests, such as leave to amend or supplement his petition, leave to conduct discovery, a request for an evidentiary hearing, and a request for stay and abeyance. Respondents move to file a late response to the motion (ECF No. 12) and an opposition to the motion (ECF No. 13).

      Petitioner asserts the legal basis for his motion lies under Fed. R. Civ. P. 60(b) because he believes the Court has "overlooked essential facts" and a misconception about who actually prepared the petition currently on file in this matter. Fed. R. Civ. P. 60(b) is a rule applicable only to final orders that leave nothing but the entry of judgment in the case. *See Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466-67 (9th Cir.1989); *Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 812 (9th Cir. 1981), overruled in part on other grounds, *In re Washington Public Power Supply System Securities Litigation*, 823 F.2d 1349, 1350-52, 1358 (9th Cir. 1987) (en banc). Because the order denying counsel was not such an order, the Court treats petitioner's motion

as one made under Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... before the entry of judgment ...," and as one calling for the Court to exercise its inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction ...." See Fed. R. Civ. P. 54(b); *see also Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

As the Court originally noted, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner argues that because it was not him, but law clerk assistance who prepared the petition, the court's misconception of that fact warrants reconsideration. Petitioner is mistaken. The Court is not overly concerned with who has prepared the petition; the petitioner himself or others with whom he can confer. Rather, it is the organization, thoroughness and clarity of the presentation that is considered. In this instance, the petition, as well as the motion presented here, is clear, well organized and thorough. On that basis, counsel would not normally be warranted. However, considering the posture of the case, the apparently still pending state court proceedings, the complexity of the issues, the issue of potential discovery (whether or not new evidence might be considered in the instant proceedings) and the severity of petitioner's sentence, appointment of counsel may well serve the petitioner, the respondents and the Court.

1        Therefore, for purposes of reconsideration of the appointment of counsel only, the motion will be granted. The Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw. Petitioner's other requests shall be denied at this time.

       **IT IS THEREFORE ORDERED** that the Motion for reconsideration of the order denying appointment of counsel (ECF No. 9) is **GRANTED** to the extent provided in this order. The Federal Public Defender is appointed to represent Petitioner.

       **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this Order, together with a copy of the petition for writ of habeas corpus and its attachments (docket #2). The FPD shall have thirty (30) days from the date of entry of this Order to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

       **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a First Amended Petition.

       **IT IS FURTHER ORDERED** that respondents motion for leave to file a late response (ECF No. 12) is **GRANTED.**

DATED: May 1, 2012

_____
UNITED STATES DISTRICT JUDGE