UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARIE ROBERT REDEKER,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:12-cv-00397-APG-GWF

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel.

By order filed March 11, 2014, this Court granted in part, and denied in part, respondents' motion to dismiss the second amended petition. (Dkt. #41). Respondents have filed a motion for reconsideration of certain portions of the Court's order. (Dkt. #42). Petitioner has opposed respondents' motion for reconsideration. (Dkt. #43). Respondents have filed a reply. (Dkt. #45).

In challenging an interlocutory order, a district court may rescind, reconsider, or amend a previous order pursuant to its inherent power to modify interlocutory orders before the entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 1987). Reconsideration is reserved for instances in which there is newly discovered evidence, an intervening change of controlling law, or where the court committed clear error. *See McDowell*

*v. Calderson*, 197 F.3d 1253, 1255 (9th Cir. 1999) (reviewing standard for motion for reconsideration under Rule 59(e)).

In their motion for reconsideration, respondents describe as "clearly erroneous" this Court's rulings that certain grounds of the second amended petition are exhausted and its ruling that Ground 14 is not procedurally barred.  Each of respondents' arguments were made previously in the State's motion to dismiss, and those arguments were rejected in the Court's order of March 11, 2014.  (Dkt. #32 & #41).  Mere disagreement with an order is an insufficient basis for reconsideration.  Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis.  *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Because respondents' motion for reconsideration merely voices disagreement with this Court's order and asks the Court to rethink its analysis, the motion is denied.

Petitioner has filed a notice of abandonment, indicating that he abandons the grounds of the second amended petition identified as unexhausted in the Court's order of March 11, 2014, including: (1) the Double Jeopardy claim in Ground One; (2) the Fifth Amendment claim in Ground Four; and (3) the Fourth and Fifth Amendment and Due Process claims in Ground Six.  (Dkt. #44).  Respondents shall now file their answer to the remaining grounds for relief.

**IT IS THEREFORE ORDERED** that respondents' motion for reconsideration (Dkt. #42) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to the remaining grounds of the second amended petition within **thirty (30) days** from the entry of this order.  The answer shall include substantive arguments on the merits as to each remaining ground of the second amended petition.  **No further motions to dismiss will be entertained**.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **thirty (30) days** after being served with the answer.

**IT FURTHER IS ORDERED** that any further exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters)

1  of the exhibits in the attachment.  The hard copy of any additional exhibits shall be forwarded – for
2  this case – to the staff attorneys in **Reno, Nevada.**  The hard copy of all exhibits submitted to the
3  Court shall be bound along the top edge of the pages.
4     Dated: March 18, 2015.

                                _____
                                ANDREW P. GORDON
                                UNITED STATES DISTRICT JUDGE